**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUISA XIA CHOQUIP, | No. 12-71762 |
| Petitioner, | Agency No. A070-953-465 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2013[**]

Before:     HAWKINS, McKEOWN, and BERZON, Circuit Judges.

Luisa Xia Choquip, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' order summarily affirming the decision of

an immigration judge ("IJ") denying her motion to reopen. Our jurisdiction is

governed by 8 U.S.C. § 1252. We review for abuse of discretion an IJ's denial of a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion to reopen. *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

The IJ did not abuse his discretion by denying Xia Choquip's motion to reopen as untimely because Xia Choquip filed her motion to reopen approximately thirteen years after issuance of the final order of deportation, *see* 8 C.F.R. §§ 1003.23(b)(1), 1241.1(f), she failed to demonstrate the due diligence necessary to warrant equitable tolling of the filing deadline, *see Avagyan*, 646 F.3d at 679, and the developments in U.S. asylum law that she identifies do not constitute a material change in conditions in Guatemala that would qualify for an exception to the filing deadline, *see Aznor v. Ashcroft*, 364 F.3d 1013, 1022 (9th Cir. 2004).

The court lacks jurisdiction to review Xia Choquip's contention that mental trauma prevented her from asserting her asylum claim earlier, because she failed to exhaust this issue before the agency. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**